In this accelerated calendar appeal, defendant-appellant, Nicholas D. DiCello, appeals his conviction of driving the wrong way on a one-way street, in violation of Section 331.30 of the Codified Ordinances of the City of Richmond Heights ("the ordinance"). For the reasons stated below, we reverse.
At trial, Sergeant Nick Keri testified that at approximately 7:15 p.m. on August 26, 1997, he was in a police cruiser on patrol, heading east on Chardon Road in the City of Richmond Heights. He observed a red sports car in front of him, also proceeding east on Chardon Road. Sergeant Keri testified that he observed the car, driven by appellant, "make a right turn — almost a U-turn actually," onto Chardonview Road and begin to travel westbound. Chardonview Road is a one-lane, one-way, eastbound-only street that intersects Chardon Road in a "V."
Keri testified that there are two "Do Not Enter" signs, one on each side of the road, posted on Chardonview Road where it intersects with Chardon Road. Keri testified that although the signs are not visible to someone traveling east on Chardon Road, they would be visible to someone making a right turn from Chardon Road onto Chardonview Road. Keri admitted that there are no signs posted on Chardon Road for eastbound traffic indicating that Chardonview is a one-way street or that no right turn is allowed.
Keri testified that appellant turned right onto Chardonview Road and continued past the "Do Not Enter" signs for at least two-hundred feet. Keri stopped appellant and cited him for driving the wrong way on a one-way street. According to Keri, in eleven years as a police officer, he had never seen anyone else make a right-hand turn from Chardon Road onto Chardonview Road.
Appellant pled not guilty at his arraignment on September 9, 1997, and the trial court conducted a bench trial on February 18, 1998 and March 3, 1998.
During his testimony, appellant confirmed that he made a right-hand turn from Chardon Road onto Chardonview Road, but asserted that he did not see any sign indicating that he could not turn right onto Chardonview Road or that Chardonview is a one-way street.
Appellant testified that he had been traveling north on Richmond Road and then turned east onto Chardon Road. As he was heading east on Chardon Road, appellant realized that he was going the wrong way. When he came to the intersection of Chardon and Chardonview Roads, appellant came to a stop, turned on his blinker, looked both ways and made a right-hand turn. Appellant testified that he did not see any signs on Chardon Road to indicate that Chardonview was a one-way street or that a right turn was prohibited. Appellant testified further that he did not see the "Do Not Enter" signs when he turned from Chardon Road onto Chardonview.
Appellant submitted nine photographs of the intersection of Chardon and Chardonview Roads. The photographs indicate that although there is a "No Left Turn" sign for westbound traffic on Chardon Road, there are no signs posted for eastbound traffic on Chardon Road indicating that there is no right turn at Chardonview Road or that Chardonview Road is a one-way street. The photographs also indicate that there are "Do Not Enter" signs posted on each side of Chardonview Road where it intersects with Chardon Road.
Scott T. Morrison, a video technician, also testified for appellant. Morrison played a videotape for the court that he had made approximately one week prior to trial as he and appellant traveled on Chardon Road in the area where appellant had been cited. Morrison testified that as he and appellant were traveling east on Chardon and approached the intersection with Chardonview Road, he did not observe any signs indicating that Chardonview is a one-way street or that a right turn is not permitted. Morrison testified that as he and appellant traveled westbound on Chardon, however, Morrison observed a "No Left Turn" sign and a "Do Not Enter" sign as they approached Chardonview Road.
The trial court found appellant guilty of the charged violation and sentenced him to a $50 fine plus court costs. Execution of the sentence was stayed pending appeal.
Appellant's single assignment of error states:
 I. THE TRIAL COURT'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
When reviewing a claim that the judgment in a criminal case is against the manifest weight of the evidence, this court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, citing State v. Martin (1983), 20 Ohio App.3d 172, 175.
Appellant was convicted of violating Sec. 331.30 of the Cod. Ord. of Richmond Heights, which provides:
 Upon a roadway designated and posted with signs for one-way traffic, a vehicle shall be driven only in the direction designated. * * *
In rendering its verdict, the trial court noted that the exhibits submitted by appellant indicate that Chardonview Road is clearly marked as a one-way street. Appellant contends, however, that the evidence at trial indicated that the "Do Not Enter" signs posted on Chardonview Road are not visible to eastbound traffic on Chardon Road. Moreover, appellant contends, the evidence is clear that there are no signs posted for eastbound traffic on Chardon Road indicating that Chardonview Road is a one-way street or that no right turn is allowed. Accordingly, appellant asserts, Chardonview Road is not properly "designated and posted with signs for one-way traffic," as required by the ordinance. We agree.
R.C. 4511.07 provides in pertinent part that "No [local traffic ordinance or regulation] shall be effective until signs giving notice of the local traffic regulations are posted. * * *." In addition, R.C. 4511.11 (D) provides that local authorities must place and maintain traffic control devices in accordance with the Ohio Manual of Uniform Traffic Control Devices ("OMUTCD").
Section 2J-36 of the OMUTCD provides that:
 The ONE WAY sign shall be used when required to indicate roadways upon which vehicular traffic is allowed to travel in one direction only. The sign shall be either: (a) a white arrow, right or left, on a black horizontal rectangle with the words ONE WAY centered in the arrow; or (b) a vertical rectangle with black lettering and a right or left arrow on a white background. * * *
 ONE WAY signs shall be placed on the near-right and far-left corners of the intersection at nonsignalized intersections so as to face traffic entering or crossing the one-way street * * * A ONE WAY sign should always be used, where applicable, and may be supplemented by a Turn Prohibition sign * * *.
Section 1E of the OMUTCD defines the meaning of "shall" as "a mandatory condition."
The photographs submitted by appellant clearly indicate that although there are "Do Not Enter" signs posted on each side of Chardonview Road where it intersects with Chardon, there are no ONE WAY signs posted at the intersection of Chardon and Chardonview Roads, as mandated by the OMUTCD. Moreover, there is no Turn Prohibition sign posted for eastbound traffic on Chardon Road, as suggested by the OMUTCD.
Accordingly, we hold that Chardonview Road is not properly "designated and posted with signs for one-way traffic" as required by the ordinance. Because there were no signs posted to give appellant notice that he could not turn right and drive westbound on Chardonview Road, his conviction for driving the wrong way on Chardonview Road is against the manifest weight of the evidence.
Appellant's assignment of error is sustained.
This cause is reversed for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ ANN DYKE, PRESIDING JUDGE
 ______________________________ TIMOTHY E. McMONAGLE, JUDGE
 ______________________________ JAMES D. SWEENEY, JUDGE